M. H. BRANDON, Administrator of J. D. COWAN *vs.* T. A. ALLISON *et al.*

1. To an action by an administrator, appointed before 1st July, 1869, on a note executed to himself as administrator, for the purchase of land sold under a license from Court. a judgement *quando*, obtained previously by the purchaser against such administrator is inadmissable as a *defence*, either by way of set-off or counter-claim.

2. Whether such would be the case if there were no other debts against the estate, and the defendant was certainly entitled to have the assets applied to his claim, *quere*.

This was a civil action, tried before His Honor Judge Mitchell and a jury, at Fall Term 1871, of Iredell Superior Court.

The action was founded upon a note given by the defendants for the purchase of real estate sold by the plaintiff as administrator, to pay debts, under a license from Court.

The defendants, by their answer, offered to set up as a set

off or counter-claim a judgment *quando*, obtained theretofore by the defendant, Allison.

The plaintiff replied that there were other outstanding judgments, more than sufficient to absorb the amount of any recovery in this action and all other assets which are in, or may come into his hands.

On the trial the defendant moved to non-suit the plaintiff, on what ground, does not clearly appear, but as stated in the argument, because the plaintiff could not maintain a seperate action upon a note given at what, the defendant contended, was a judicial sale.

Under instructions from His Honor the jury disregarded the proposed counter-claim and rendered a verdict for the full sum demanded in the complaint. His Honor also refused the motion to non-suit.

From the judgment rendered on the verdict the defendants appealed.

*J. M. McCorkle, Armfield* and *W. P. Caldwell* for the appellants.

*Phillips, Furches* and *W. H. Bailey* for the appellee.

READE, J. Before the Act of 6th April, 1869, which went into effect 1st July. 1869, preventing all preference in the payment of debts by executors and administrators, and requiring all debts of the same class, in their order, to be paid *pro rata*—executors and administrators had the right to prefer one debt to another of equal dignity. And this case stands under the old law, because administration was granted before the Act of 1869. There being other debts equal in dignity to the claim of the defendant, the plaintiff had the right to postpone the claim of the defendant, there not being enough to pay all. And besides this, it seems that other creditors had already obtained judgments against the administrator upon debts of equal dignity with the claim of the defendant, to an amount more

than sufficient to cover all the assets.   The judgment *quando*, in favor of the defendant against the plaintiff as administrator is not available as a set off or as a counter-claim.   It must be observed that the bond sued on is not a bond payable to the plaintiff's intestate, but it is a bond payable to the plaintiff as administrator, given by the defendant as the purchaser of land sold by the plaintiff as administrator under a license from Court, to pay debts.   It may be that if there were no other debts against the estate, and if the defendant was certainly entitled to have the assets applied to his claim, it would be vain to allow the plaintiff to collect the money of the defendant when he would have to pay it right back.   But that is not the case here, for it appears that there are judgments already against the plaintiff, as administrator, which will take all the assets.

PER CURIAM.                          Judgment affirmed.